Entered on Docket
July 14, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 14, 2009

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT LYNN ROE AND
VANNA LUE ROE,                                Case No. 08-46563 EDJ

                        Debtors./

TROY ROE,                                     Adv. Pro. No. 09-04076 AJ

                        Plaintiff,

vs.

ROBERT LYNN ROE AND
VANNA LUE ROE,

                        Defendants./

<u>MEMORANDUM RE: ORDER DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE</u>

    A trial was scheduled in the above-captioned adversary proceeding for July 1, 2009, at the hour of 10 a.m.  James Fonda ("Counsel") counsel for Troy Roe, the above-captioned plaintiff, ("Plaintiff") failed to appear.  Counsel also failed to file a witness list seven days prior to the trial, as required by this

Memorandum

court's scheduling order.  The court holds that Counsel's failure to appear and failure to obey the scheduling order were willful and inexcusable, and constitute grounds for dismissal of this adversary proceeding with prejudice.[1]

A. Factual Background

    1. *Plaintiff's Complaint*

Plaintiff's complaint alleges that in June of 2005, Plaintiff gave his son Robert Roe and then daughter-in-law Vanna Roe, the above-named defendants, ("Defendants") $150,000.00 realized through the sale of Plaintiff's real property.  The reason for the transfer was that Plaintiff was "concerned about his estranged wife receiving any of this money."  Complaint at 1.  Plaintiff and Defendants allegedly entered into an oral agreement whereby Defendants would hold the money in their names for Plaintiff's exclusive use.  According to Plaintiff, Defendants did not reconvey the money to Plaintiff.

The complaint alleges that Plaintiff commenced a law suit in state court against Defendants for fraud and conversion, among other charges.  The parties then entered into a settlement agreement by which Defendants agreed to pay Plaintiff $25,000.00 in settlement of the suit.[2]  Plaintiff now seeks to have the $25,000.00 settlement obligation declared nondischargeable in Defendant's bankruptcy

---

[1] The court issued its order dismissing Plaintiff's complaint with prejudice on July 1, 2009.

[2] The record here does not contain a copy of the settlement agreement or any documentation from the state court proceeding.

Memorandum      2

case.[3]

2. *Counsel's Failure to Appear*

A status conference was held in the above-captioned adversary proceeding on April 6, 2009. Appearances were stated on the record. At that hearing a trial was scheduled for July 1, 2009, at the hour of 10 a.m. The parties indicated that the date was agreeable, and the court issued its Scheduling Order of April 9, 2009 (the "Scheduling Order").

Counsel contacted Judge Jellen's Courtroom Deputy in the late afternoon of June 30, 2009, less than 24 hours before the trial was scheduled to begin, to advise her that he had a conflicting court appearance that would cause him to be late for the trial. Counsel did not file a request for a continuance or request a new trial date. Both Plaintiff and Defendant appeared at the hour of 10 a.m. when the case was called to order, however Counsel was not present.

B. <u>Dismissal with Prejudice for Failure to Prosecute and Failure to Comply with a Court Order</u>

Rule 7016 of the Federal Rules of Bankruptcy Procedure provides that Rule 16 of the Federal Rules of Civil Procedure is to be applied in adversary proceedings. That section, in pertinent part, states that "On motion or on its own, the court may issue any just

---

[3] Because dismissal of this matter with prejudice operates as an adjudication on the merits, the court need not decide whether the equitable doctrine of *in pari delicto* also makes dismissal of Plaintiff's complaint appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).

Memorandum 3

orders . . . if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." F.R.C.P. 16(f).

In addition, Rule 7041 of the Federal Rules of Bankruptcy Procedure provides that Rule 41 of the Federal Rules of Civil Procedure is also to be applied in adversary proceedings.[4] That section, in relevant part, states that "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ." F.R.C.P. 41(b).

The Ninth Circuit has held that Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure empower the court to dismiss a case with prejudice as a sanction for plaintiff's failure to prosecute or comply with a court order. *See* Al-Torki v. Kaempen, 78 F.3d 1381 (9th Cir. 1996) (holding that, "Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court." Id. at 1385); *see also* Link v. Wabash R. Co., 370 U.S. 626 (1962) (stating that, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Id. at 629). The Ninth Circuit cited the culpability of a willful failure to appear for trial, the prejudice to the side which does appear, and the interference with the court's docket as factors that make dismissal with prejudice an appropriate sanction. *See* Al-Torki v. Kaempen, 78

---

[4] Subject to limitations that are not relevant here.

Memorandum 4

F.3d at 1385.

Counsel here not only failed to appear, but also failed to file a witness list, as ordered by the Scheduling Order. *See* Scheduling Order at 2 (ordering each party to "serve and file a witness list" seven days prior to the trial date).

If Counsel scheduled the bankruptcy trial in error, Counsel should have requested a different trial date as soon as the error was discovered. The alternative is that Counsel knowingly scheduled two conflicting court appearances. In either case, Counsel's failure to appear and failure to file required documents constitutes willful and inexcusable disregard of both the court's Scheduling Order and its time.

C. <u>Conclusion</u>

For the foregoing reasons, the court dismisses the adversary proceeding, with prejudice.

**END OF ORDER**

Memorandum 5

COURT SERVICE LIST

James A. Fonda
Law Offices of James A. Fonda
306 N 3rd Ave.
Oakdale, CA 95361

Troy Roe
P.O Box 449
Holt, CA 95234

Robert Lynn Roe
2858 Merher Rd
Oakley, CA 94561

Vanna Lue Roe
2284 W Liberty St.
Hanford, CA 93230

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

Memorandum                                   6